UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-80148-CV-MIDDLEBROOKS

MATTHEW CARANGO, et al.,
*on their own behalf and on behalf
of all others similarly situated*,

      Plaintiffs,

v.

THE ALTITUDE GROUP, LLC,

      Defendant.
                                          /

## ORDER DENYING MOTION TO EXTEND PRETRIAL DEADLINES AND VACATE TRIAL DATE

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Extension of All Pretrial Deadlines and Request to Vacate Trial Date, filed on February 26, 2021. (DE 16). Plaintiffs filed this Telephone Consumer Protection Act case on January 25, 2021. (DE 1). Trial is currently scheduled during the two-week trial period commencing September 27, 2021. (DE 10). Plaintiffs now seek to extend all pretrial deadlines and vacate the trial date. (DE 16). The Motion fails to set forth good cause for the broad relief requested, and it is therefore denied without prejudice.

Federal Rule of Civil Procedure 16 requires the Court to issue an Order setting forth the schedule upon which a case will proceed. Fed. R. Civ. P. 16(b). It will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If [a] party was not diligent, the [good cause] inquiry should end." *Id.* (alteration in original) (citation omitted).

Here, Plaintiffs seek to extend all pretrial deadlines and vacate the trial date because of "the need for precertification discovery," which will "enable Plaintiffs to gather the evidence necessary to present the Court with an adequate record upon which it can fairly determine whether certification is appropriate." (DE 16 at ¶¶ 4, 7). Specifically, they state that: (1) Defendant has not yet responded to the Complaint, (2) no discovery has yet taken place, and (3) "Plaintiffs anticipate that a considerable portion of the evidence relevant to class certification is within the possession of Defendant and/or unknown third parties." (*Id.* at ¶ 4). Plaintiffs assert that these circumstances support their request for the Court to vacate all pretrial deadlines and the trial date and, thereafter, enter a ten-month schedule for the Parties to complete discovery, after which the Parties would brief class certification, followed by a case management conference to establish a schedule for the remainder of these proceedings, "including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pretrial conferences, and the trial." (*Id.* at ¶¶ 4–5).

These types of assertions might apply to any civil case pending in federal court that requires class certification. None of these circumstances, individually or collectively, amount to good cause to extend all pretrial deadlines and vacate the trial date pending a ruling on class certification. Plaintiffs point to no specific obstacle that is certain to prevent or currently preventing them from timely completing the discovery necessary to move for class certification by the April 5, 2021 deadline. Instead, the Motion consists of only speculative and conclusory assertions regarding the amount of time necessary to fully develop this record as it relates to class certification.

Overall, this Motion is premature considering that trial is scheduled nearly seven months out and the deadline for moving for class certification is still one month away. (*See* DE 10; DE 11 at 5). For the time being, Plaintiffs should diligently attempt to comply with the Pretrial Scheduling Order. As the case progresses, if they are unable to meet a specific deadline, Plaintiffs may move

for an extension as to that deadline by setting forth specific facts describing the particular obstacles that have prevented timely compliance, and any efforts made to comply, with the deadline.

Moreover, despite Plaintiffs citing as support the facts that Defendant has not yet responded to the Complaint and that no discovery has yet taken place, those circumstances appear to be a result, at least in part, of Plaintiffs' delay in serving Defendant. Although they filed this case on January 25, 2021, Plaintiffs apparently waited until nearly one month later to file a proposed summons (*see* DE 12). I will not modify the pretrial schedule due to Plaintiffs' lack of diligence.

Finally, the Parties are reminded that should they desire greater flexibility in setting the course and schedule, including the trial date, of their case, they may consent to the jurisdiction of United States Magistrate Judge Dave Lee Brannon, who generally allows for such flexibility. The consent form may be found at Appendix A of the Pretrial Scheduling Order (DE 11).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Extension of All Pretrial Deadlines and Request to Vacate Trial Date (DE 16) is **DENIED** without prejudice.

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of March, 2021.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record