UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80148-Civ-Middlebrooks/Brannon

MATTHEW CARANGO AND FRED HEIDARPOUR, individually and on behalf of others similarly situated

    Plaintiff,

v.

THE ALTITUDE GROUP, LLC,

    Defendant.
_____/

CLASS ACTION

## JOINT DISCOVERY PLAN

Plaintiffs and Defendant, through their respective undersigned counsel, and pursuant to Local Rule 16.1 and this Court's February 22, 2021 Order (dkt. 11), submit this Joint Conference Report as follows:

**(A)** **An estimated valuation of the case**: This is an alleged class action under the Telephone Consumer Protection Act ("TCPA"), which provides for statutory damages in the amount of $500 per violation, which can be trebled to $1,500 if willfulness is shown. The Plaintiffs cannot provide an estimate on the valuation of the case without discovery into the number of alleged class members as well as the number of calls each person received. Defendant believes there are no damages, as they did not violate the TCPA.

**(B)** **Date for exchanging initial disclosures**: March 26, 2021

**(C)** **Subjects on which discovery may be needed:**

Plaintiffs' Position

    (1) the identification of other cellphone numbers to which Defendant placed calls;

    (2) the identification of numbers that Defendant called where the numbers (and consent

to call) were obtained in the same manner as Defendant obtained Plaintiffs' numbers;

(3) The dates and times Defendant (or its agent) placed such calls;

(4) The identify of any third parties Defendant used to place the calls;

(5) the dialing equipment used to place the calls;

(6) Defendant's theory of consent

Defendant's Position

(1) The identification of all personal cell phone numbers, cell phones or land lines owned or used by the plaintiffs for a personal purpose during the last three years including forensics and ESI discovery.

(2) The identification of all business cell phone numbers, cell phones or land lines owned or used by the plaintiffs for any business purpose during the last three years including forensics and ESI discovery.

(3) The service plans and account statements for all cell phone numbers, cell phones or land lines owned or used by the plaintiffs for any business or personal purpose during the last three years.

(4) The identification of all computer equipment used by the Plaintiffs at or around the time they claim improper or unlawful telephone calls were made to them by the defendant or at or around the time the defendant claims that one or more Plaintiffs opted in to receive telephone calls from the Defendant including forensics and ESI discovery.

(5) The identification of all lawsuits of any type or kind filed by the plaintiffs in any state or federal court in the last three years.

(6) Identification of all settlements entered into by either of the defendants related to TCPA or other consumer -related claims whether or not those claims resulted in a lawsuit or were settled pre-suit.

(7) All social media posts made by either Plaintiff related to TCPA claims

**(D)** **Whether the Parties can agree to limit discovery on particular issues through stipulation:** Not at this time.

**(E)** **What document discovery is needed:** Document discovery will be needed on each of the subjects of discovery.

**(F)     Whether discovery should be conducted in phases:** Plaintiffs do not agree that discovery should be completed in phases.  Defendant believes that discovery should be completed in phases - the first being as to the named plaintiffs to determine whether or not they have any TCPA claims such that they could represent a class.

**(G)     Electronically stored information:**  ESI is likely in this case, and the Parties agree to work cooperatively to manage the costs of e-discovery.

**(H)     What individuals each side intends to depose:**  Plaintiff intends to conduct a Rule 30(b)(6) deposition of Defendant as well as any third parties who made the calls at issue on Defendant's behalf or who obtained supposed prior express consent.  Defendant intends to initially call each of the Plaintiffs as well as any third party with respect to Defendant's defenses.

**(I)     Limitations on discovery:**  The parties do not believe any limitations should be imposed other than those contained in the Federal and Local Rules.

**(J)     Mediation or Settlement Conference:**  The Plaintiffs believe mediation could be helpful after briefing is complete on class certification.  The Defendant believes that an early mediation, after initial standing discovery has been completed but before the class certification phase, may be appropriate.

Date:   March 12, 2021                                          Respectfully submitted,

| | |
|---|---|
| /s/ Patrick H. Peluso<br>Law Office of Ryan S. Shipp, PLLC<br>Ryan S. Shipp, Esq. (FL Bar Number 52883)<br>814 W. Lantana Rd. Suite 1,<br>Lantana, Florida 33462<br>(561) 699-0399<br>Email: Ryan@shipplawoffice.com<br><br>Steven L. Woodrow*<br>swoodrow@woodrowpeluso.com<br>Patrick H. Peluso* | /s/ David P. Reiner, II<br>DAVID P. REINER, II; FBN 416400<br><br>REINER & REINER, P.A.<br>9100 So. Dadeland Blvd., Suite 901<br>Miami, Florida 33156-7815<br>Tel: (305) 670-8282; Fax: (305) 670-8989<br>dpr@reinerslaw.com; eservice@reinerslaw.com<br><br>*Counsel for Defendant* |

| | |
|---|---|
| ppeluso@woodrowpeluso.com<br>Woodrow & Peluso, LLC<br>3900 E. Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Tel: 720-213-0675<br>Fax: 303-927-0809<br><br>*Attorneys for Plaintiff and the Class*<br><br><br>     *\* Pro Hac Vice* | |